UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br>JOSE VALENTIN MORA, *et al.*,<br><br>                      Defendants. | Case No. 3:18-cr-00057-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This case concerns what the government contends is a drug trafficking organization led by Defendant Jose Valentin Mora that was distributing methamphetamine and various drugs in the Reno-Sparks, Nevada area on or before January and June 2018. Before the Court is a joint motion to sever ("Motion") (ECF No. 311) filed by Defendants Roberto Mora-Mora, Elizabeth Reyes-Delacerda and Jorge Ayala-Chavez (collectively referred to as "Moving Defendants"). Defendant Shawn Curl filed an untimely motion for leave to file his own motion to sever and to join in Defendant Jesus Munera's motion to suppress ("Motion for Leave"). (ECF No. 391.)[1] The Court will grant Curl's Motion for Leave with respect to his motion to sever (Curl's Motion) (ECF No. 391-1.) In addition, the Court has considered the government's response (ECF No. 368) and Moving Defendants' reply (ECF No. 372). The Court finds that Moving Defendants and Curl have not satisfied Rule 14's high standard of prejudice, and any spillover prejudice would be addressed with

///

---

[1]The government filed a response. (ECF No. 425.)

proper instructions to ensure the jury is able to compartmentalize evidence against each Moving Defendants and Curl versus evidence against Mora. Accordingly, the Court denies the Motion (ECF No. 311) and Curl's Motion (ECF No. 391-1).

**II.   BACKGROUND**

The Superseding Indictment contains 14 counts against 17 defendants. (ECF No. 192.) As relevant to Moving Defendants, count 1 charge all defendants with conspiracy to possess with intent to distribute and to distribute: (i) at least 50 grams of actual methamphetamine, (ii) a mixtures and substance containing a detectable amount of cocaine, and (iii) a mixture and substance containing a detectable amount of heroin—21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), and 846. (*Id.* at 2–3.)

Curl is charged in count 1, as well as count 14 for possession with intent to distribute a mixture and substance containing a detectable amount of marihuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). (*Id.* at 2–3, 8.)

**III.   DISCUSSION**

The gist of Moving Defendants' and Curl's argument is that because of the complexity of this case—the high number of counts charged (14 counts), the numerous and varied named defendants (17) and the extensive and voluminous discovery thus far—a joint trial will prejudice them. (ECF No. 311 at 5–6; ECF No. 391 at 4–6.) Moving Defendants point out that they are charged in only count 1 and only "[a] miniscule portion of the large volumes of evidence potentially pertain to the Moving Defendants." (ECF No. 311. at 2; ECF No. 372 at 3.) For example, Moving Defendants contend that of over 380 recorded calls, only 4 occurring on one day (May 17, 2018) may relate to Ayala-Chavez. (ECF No. 311. at 2.) Moving Defendants insist that the threat of spillover prejudice is real and cannot be addressed with any curative instructions, particularly given over 300 wiretap recordings pertaining to Defendant Mora and the limited evidence linking them to isolated possible drug purchases from Mora. (*Id.* at 8–9; ECF No. 372 at 6.) Curl similarly insists

///

///

that "[t]he majority of the evidence presented will have nothing to do with" him and the spillover prejudice "will be difficult to overcome." [2] (ECF No. 391-1 at 6.)

Rule 14 permits the Court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The rule "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Moreover, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

"Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994). Defendants have not satisfied this high standard. As the government points out, it relies on overlapping evidence to support count 1 against all defendants and similar evidence would be admissible in separate trials. (ECF No. 368 at 4, 6–7.) Thus, the joinder of Moving Defendants and Curl in count 1 is proper under Rule 8. *See Id.* at 844 (finding that where evidence substantially overlap, the district court did not err in denying motion to sever for misjoinder under Rule 8(b).) Indeed, Defendants do not contend that the evidence will not overlap; their argument is based on prejudice resulting from the relative evidence against Mora and against them as demonstrated in the extensive discovery.

"In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized." *Id.* at 846. Similarly, "[i]n assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view

///

---

[2]Curl also complains that his counsel would only have about 3 months to prepare for trial in a case involving extensive discovery. (ECF No 391-1 at 4.) But this is not a valid reason for severance—to give Curl his own trial—to accommodate his substituted counsel's schedule, particularly where the Court has found that a joint trial does not prejudice Curl.

of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980)).

The Court agrees with the government that the evidence relating to each defendant may be compartmentalized and limiting jury instructions may cure any "spillover" evidence and render such evidence non-prejudicial even where the case may be complex. *See United States v. Johnson*, 297 F.3d 845, 856–60 (9th Cir. 2002) (affirming trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials). For example, the government would have to present evidence of each defendant's alleged involvement in the conspiracy. The jury will be instructed as to the elements of a conspiracy and proof necessary to find that each defendant "joined in the [alleged] agreement [to possess with intent to distribute] knowing of its purpose and intending to help accomplish that purpose. *See* Ninth Cir. Model Crim. Jury Instr. § 9.19 (2010). As the government points out, the jury will also be instructed to consider evidence against each defendant and weights each defendant's guilt separately. (ECF No. 368 at 13–15.)

Moving Defendants posit that the government may offer statements of co-defendants and confidential human sources against some of the defendants. (ECF No. 311 at 6.) Curl separately argued that a joint trial will implicate the Confrontation Clause and present a problem under *Bruton v. United States*, 391 U.S. 123 (1968). (ECF No. 391-1 at 6–7.)

The Supreme Court in *Bruton* established the rule that the Confrontation Clause forbids the prosecution to introduce a non-testifying defendant's confession implicating the other defendant in the crime. In *Bruton*, the government introduced the non-testifying co-defendant's confession, which stated that he and defendant committed the robbery, but the trial court instructed the jury to consider the confession as evidence only against the co-defendant. *Id.* at 124. The Supreme Court found that despite the limiting instruction, the introduction of such confession violated defendant's Sixth Amendment right to cross-

4

examine witnesses. *Id.* at 137. The Supreme Court subsequently limited the *Bruton* rule to confessions of a non-testifying co-defendant that are facially incriminating of another defendant and established the level of redactions sufficient to alleviate Confrontation Clause concerns. *See Richardson v. Marsh*, 481 U.S. 200 (1987). In *Richardson*, the Supreme Court held that the Confrontation Clause is not violated by the introduction of a non-testifying co-defendant's confession that is redacted to eliminate the name and any other reference to the defendant's existence and did not indicate that the confession had been redacted. *Id.* at 211. In *Gray v. Maryland*, 523 U.S. 185 (1997), the Supreme Court held that where the confession referred to and directly implicated another defendant, redactions that "simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration" are insufficient under the *Bruton* rule. The Supreme Court concluded that the redactions in *Richardson* are sufficient because the redacted statements did not refer directly to defendant and became "incriminating 'only when linked with the evidence introduced later at trial.'" *Id.* at 196 (quoting *Richardson*, 481 U.S. at 208).

Here, the government insists that it will sanitize any evidence of a non-testifying defendant's confession to comply with *Bruton*. (ECF No. 368 at 8.) The Court agrees that with proper redaction, evidence of statements by a non-testifying defendant would properly address the non-testifying defendant's rights to avoid violating the Confrontation Clause.

Moving Defendants also argue that because their defense is based on their innocence, they anticipate there may be mutually antagonist defense, though they failed to identify any such defense. (ECF No. 311 at 7–8.) "Mutually antagonistic defenses are not prejudicial *per se.*" *Zafiro*, 506 U.S. at 538-39. Nor is "the desire of one defendant to exculpate himself by inculpating a defendant" sufficient to require severance. *Johnson*, 297 F.3d at 858 (quoting *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996)). In seeking severance under a mutually antagonistic defense, a defendant must demonstrate "that the core of the co-defendant's defense is so irreconcilable with the core

of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." Moving Defendants have not made this showing.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Moving Defendants' motion to sever (ECF No. 311) is denied.

It is further ordered that Defendant Shawn Curl's untimely motion for leave to file as it relates to his own motion to sever (ECF No. 391) is granted. It is further ordered that Curl's motion to sever (ECF No. 391-1) is denied.

DATED THIS 10th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE